# 96 DTA 154

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL III DE ARECIBO Y UTUADO**
**PANEL I**

RUBEN VALENTIN RODRIGUEZ
Recurrente

v.

MUNICIPIO DE BARCELONETA
Recurrida

Núm. KLRA-96-00159

San Juan, Puerto Rico, a 9 de octubre de 1996

Panel integrado por su presidenta, Juez señora Rivera de Martínez
y los Jueces señor Cabán Castro y señor Rivera Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

¿Procede la consideración por este Tribunal de un recurso de revisión administrativa que pretende revisar la expedición de una orden interlocutoria dictada por una agencia administrativa? ¿Puede considerar tal recurso este Tribunal cuando posteriormente es emitida por la agencia administrativa resolución y orden final como consecuencia de esa orden interlocutoria dictada previamente; y se acude a este Tribunal dentro del mismo recurso solicitando la revisión de la misma?

¿Es prematuro un recurso de revisión presentado ante este Tribunal por estar pendiente de resolución definitiva una moción de reconsideración por la agencia administrativa?

Estas son las interrogantes que tiene esta Curia ante sí para resolver. Se desestima el recurso presentado.

I

El 18 de junio de 1996 el apelante, aquí recurrente, compareció ante J.A.S.A.P. mediante escrito titulado Solicitud de Orden Protectora en Razón del Artículo 1.7(c) del Reglamento Procesal de J.A.S.A.P. ■ Mediante tal escrito, solicitó se le relevara de comparecer a la toma de una deposición oral que se le anunció para el 20 de junio de 1996, a las 2:00 de la tarde, en la División de Personal del Municipio de Barceloneta. Apoyó tal solicitud en los privilegios, derechos e inmunidades que dispone el Artículo II, sección 11, de la Constitución del Estado Libre Asociado de Puerto Rico; en la Regla 23 de Evidencia, ■ así como en todas aquellas protecciones garantizadas por la cuarta y quinta enmiendas de la Constitución de los Estados Unidos. ■ El 19 de junio de 1996 el licenciado Alexis Irizarry Vega, Oficial Examinador de J.A.S.A.P. declaró no ha lugar dicha solicitud de orden protectora, notificándose copia de la orden a las partes el día 20 de junio de 1996. ■

El 10 de julio de 1996 se presentó ante J.A.S.A.P. por la parte apelante y aquí recurrente, Moción Solicitando Reconsideración de la Orden dictada el 19 de junio de 1996. ■ El 17 de julio de 1996 el licenciado Alexis Irizarry Vega, Oficial Examinador de J.A.S.A.P., declaró no ha lugar dicha solicitud, notificando ese mismo día copia de la orden a las partes. ■

El 1ro. de agosto de 1996 se presentó el recurso de revisión administrativa ante nos para revisar la orden dictada por el Oficial Examinador de J.A.S.A.P. el día 19 de junio de 1996.

El 8 de agosto de 1996 el Municipio de Barceloneta compareció ante este Tribunal y presentó escrito titulado Solicitud de Desestimación y Oposición a Expedición de Auto de Revisión. Este escrito fue presentado como réplica al recurso de revisión presentado para revisar la orden dictada el 19 de junio de 1996.

El 22 de agosto de 1996 la parte aquí recurrente presentó ante este Tribunal escrito titulado Solicitud de Paralización de los Procedimientos en Agencia Recurrida. Solicitó la paralización o revocación de la resolución y orden dictada por J.A.S.A.P., el 8 de agosto de 1996, archivada en autos el 12 de agosto de 1996, decretando la desestimación de la apelación pendiente ante sí, como sanción disciplinaria por razón de incumplimiento de una orden dictada por el Oficial Examinador de esa agencia, obligándolo a comparecer a la toma de su deposición. ■

El 27 de agosto de 1996 dictamos resolución, notificada el 5 de septiembre de 1996, intimando a la parte apelada y aquí recurrida, Municipio de Barceloneta, a mostrar causa por la cual no debíamos revocar la resolución y orden final emitida por el Oficial Examinador, archivada en autos el 12 de agosto de 1996, por virtud de la cual desestimó la apelación presentada ante J.A.S.A.P. por Rubén Valentín Rodríguez, aquí recurrente. Ese dictamen fue emitido por este Tribunal como consecuencia del examen realizado del escrito presentado en nuestra Secretaría por el apelante ante J.A.S.A.P. y aquí recurrente, el 22 de agosto de 1996, titulado Solicitud de Paralización de los Procedimientos en Agencia Recurrida. En dicho escrito, la parte recurrente pretende de esta Curia la paralización o revocación de esa resolución y orden final dictada.

El 24 de septiembre de 1996 el apelado, aquí recurrido, Municipio de Barceloneta, presentó ante este Tribunal escrito titulado Moción en Cumplimiento de Orden de Mostrar Causa. Aduce en dicho escrito, que el 3 de septiembre de 1996 fue presentada ante J.A.S.A.P. Moción de Reconsideración por la parte allí apelante y aquí recurrente, solicitando de la agencia reconsiderar y revocar la resolución y orden dictada por el Oficial Examinador el 8 de agosto de 1996, archivada en autos copia de su notificación el 12 de agosto de 1996. ■ El 18 de septiembre de 1996, J.A.S.A.P. emitió dictamen judicial denominado Orden Interlocutoria, por virtud del cual resuelve esa moción de reconsideración. ■ Dictaminó lo siguiente:

*"Evaluada la Moción de reconsideración radicada por la parte apelante el 3 de septiembre de 1996, informamos a dicha parte nuestra disposición a reabrir los procedimientos sujeto al pago de una sanción económica de $50.00, por su incomparecencia a la deposición del 27 de junio de 1996 a pesar de la determinación del Oficial Examinador notificada mediante Orden de 19 de junio de 1996.*

*Se le concede un término de diez (10) días laborables, contados a partir del archivo en autos de la presente para cumplir con lo anterior. De no pagar la sanción aquí impuesta se entenderá ratificado el archivo de la apelación decretado mediante Resolución y Orden de 8 de agosto de 1996.*

*En tal caso la parte apelante podrá, de así interesarlo, presentar recurso de revisión ante el Tribunal de Circuito con competencia para ello, dentro del término de treinta (30) días contados a partir de la fecha de ratificación."*

## II

¿Está facultado este Tribunal para revisar una resolución y orden de naturaleza interlocutoria dictada por una agencia administrativa durante el trámite de un proceso administrativo de naturaleza cuasi judicial? La contestación es en la negativa. Veamos.

El Artículo 4.002(g) de la Ley de la Judicatura de 1994, según enmendada el 25 de diciembre de 1995, dispone lo siguiente:

*"El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:*

*................*

*g) Mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por la Ley Núm. 170 del 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".*

La Ley de Procedimiento Administrativo Uniforme dispone en su sección 2172, ▬ lo siguiente:

*"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo."*

No hay duda alguna que la orden dictada por el Oficial Examinador de J.A.S.A.P. el 19 de junio de 1996, es una de naturaleza interlocutoria y no final. También tiene esa misma condición, aquella otra dictada por ese mismo oficial administrativo el 17 de julio de 1996, declarando no ha lugar la solicitud de reconsideración presentada por el apelante, aquí recurrente. Sin embargo, la resolución y orden dictada por ese mismo Oficial Examinador el 8 de agosto de 1996, archivada en autos copia de su notificación el 12 de agosto de 1996, desestimando el recurso de apelación es final ▬ y no interlocutoria. Esa determinación es revisable por este Tribunal mediante el recurso de revisión.

La presentación por el apelante-recurrente del escrito titulado Solicitud de Paralización de los Procedimientos en Agencia Recurrida tuvo el efecto de traer a la consideración de este Tribunal, para su revisión, la resolución final dictada por J.A.S.A.P. en el caso. No hay duda alguna que este Tribunal no tiene jurisdicción y competencia para atender y resolver recursos que persiguen la revisión de órdenes interlocutorias dictadas por la agencia administrativa, como aquella dictada el 19 de junio de 1996. Sin embargo, puede atender y resolver un escrito dirigido a la revisión de una resolución y orden final como la dictada el 8 de agosto de 1996. El escrito titulado Solicitud de Paralización de los Procedimientos en Agencia Recurrida puede considerarse y atenderse por este Tribunal como el recurso de revisión que dispone la ley para revisar dicho tipo de dictamen judicial final, a pesar de que la súplica de ese escrito lo que persigue es la paralización de los procedimientos en la agencia recurrida o, en la alternativa, la revocación de dicha resolución y orden. Cualquier defecto en la

denominación del escrito o en la súplica del remedio no es óbice para que este Tribunal pueda conceder el remedio que en justicia y de conformidad con la ley proceda y sea apropiado, máxime cuando los documentos que constan de nuestro expediente le permitiría así hacerlo. 

¿Sería prematuro el recurso de revisión, de ser considerada y atendida como tal la Solicitud de Paralización de los Procedimientos en Agencia Recurrida, presentada por el apelante, aquí recurrente? La contestación es en la afirmativa. Veamos.

La sección 2165 de la Ley de Procedimiento Administrativo Uniforme, *supra*, dispone lo siguiente:

*"La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales."*

El término para la presentación del recurso de revisión ante este Tribunal comenzará a decursar tan pronto se archive en autos copia de la notificación de la resolución u orden dictada por J.A S.A.P. que de por finalizado el caso de autos. La llamada Orden Interlocutoria dictada el 18 de septiembre de 1996, no es de carácter final por la naturaleza de su contenido. Sólo tiene el efecto de acoger la moción de reconsideración para ser resuelta posteriormente en forma definitiva y final. Esto es así, pues bajo ningún concepto esa orden puede cambiar el acto o evento que dispone la ley para comenzar a decursar el término de treinta (30) días para presentar ante este Tribunal el recurso para revisar la determinación administrativa dictada por la agencia. Al tomarse, dentro del término de quince (15) días dispuesto por ley, alguna determinación por J.A.S.A.P. en la consideración de la moción de reconsideración presentada en tiempo por el allí apelante, el término de treinta (30) días para presentar ese recurso comenzará a decursar desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo en forma definitiva y final la solicitud de reconsideración o a partir del transcurso de los noventa (90) días siguientes a la radicación de la moción de reconsideración. J.A.S.A.P. no puede sustituir ese acto o evento establecido por ley por virtud de una orden interlocutoria emitida el 18 de septiembre de 1996, que dispone que comenzará a decursar el término de treinta (30) días a partir de la fecha de la ratificación de la resolución y orden emitida por el Oficial Examinador el 8 de agosto de 1996, archivada en autos copia de su notificación el 12 de agosto de 1996. 

J.A.S.A.P. tiene el deber de resolver en forma definitiva y final la moción de reconsideración presentada por el apelante, aquí recurrente, y acogida por esa agencia dentro de los quince (15) días que establece la ley. Además, tiene el deber de archivar en autos copia de su notificación. Ese es el evento que indica la ley permite el decursar del término de treinta (30) días para presentar ante este Tribunal el recurso de revisión. De otra forma, se activaría ese término del recurso de revisión transcurrido aquel otro de noventa (90) días desde que se radicó la moción de reconsideración.

### III
Por los fundamentos antes expuestos, se desestima el presente recurso de revisión por ser prematuro. El mismo fue considerado como tal por este Tribunal por virtud de la presentación por el apelante, aquí recurrente, del escrito titulado Solicitud de Paralización de los Procedimientos en Agencia Recurrida.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 96 DTA 154

**1.** Reglamento Procesal de la Junta de Apelaciones del Sistema de Administración de Personal en vigor desde el 30 de enero de 1996.

**2.** 32 L.P.R.A. Ap IV.

**3.** Apéndice IV, págs. 7-10, de aquel incluido junto al escrito de apelación.

**4.** Apéndice I, pág. 1, de aquel incluido junto al escrito de revisión.

**5.** Apéndice II, págs. 2-5, de aquel incluido junto al escrito de revisión.

**6.** Apéndice III, pág. 6, de aquel incluido en el escrito de revisión.

**7.** Apéndice II, págs. 4-7, del escrito de mostrar causa presentado por la parte apelada y aquí recurrida.

**8.** Apéndice III, págs. 8-14, del escrito de mostrar causa presentado por el Municipio de Barceloneta.

**9.** Apéndice IV, pág. 15, del escrito de mostrar causa presentado por el Municipio de Barceloneta. Por virtud de ese dictamen J.A.S.A.P. acogió la moción de reconsideración para resolverla en forma definitiva.

**10.** 3 L.P.R.A. § 2172

**11.** Artículo 21 del Reglamento Procesal de J.A.S.A.P., *supra*.

**12.** Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. § 2176; Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994; Regla 70 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III.

**13.** 3 L.P.R.A. § 2165.

**14.** Ninguna agencia puede determinar unilateralmente, ignorando lo dispuesto por ley, el acto o evento por virtud del cual comienza a decursar el término jurisdiccional para presentar el recurso de revisión administrativo.